**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2197
_____

IN RE: AKEEM R. GUMBS,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
District Court of the Virgin Islands
(Related to D.V.I. Crim. No. 3-11-cr-00021-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 13, 2023
Before:  SHWARTZ, MATEY, and FREEMAN, *Circuit Judges*

(Opinion filed: July 27, 2023)
_____

OPINION*
_____

PER CURIAM

Akeem Gumbs has filed a petition for a writ of mandamus requesting the relief

addressed below.  We will deny the petition.

Gumbs was convicted in the District Court of the Virgin Islands of 31 counts

related to his production and possession of child pornography and rape of his eight-year-

old-niece, which he filmed.  The District Court sentenced him to 300 months of

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

imprisonment. We affirmed his conviction and sentence. *See United States v. Gumbs*, 562 F. App'x 110 (3d Cir. 2014), *cert. denied*, 574 U.S. 884 (2014). Gumbs has challenged his conviction and sentence in numerous proceedings, including under 28 U.S.C. § 2255, under 42 U.S.C. § 1983, and in no fewer than eight mandamus proceedings filed with this Court. We rejected those challenges. *See, e.g., In re Gumbs*, 726 F. App'x 166, 166-67 (3d Cir. 2018). At issue here is another petition for a writ of mandamus. Gumbs seeks to compel the District Court to rule on two purportedly outstanding motions: an amended motion to dismiss a count in the indictment and a discovery motion seeking to inspect the DVD evidence supporting the child pornography conviction.[1] *See* C.A. No. 1 at 3; ECF Nos. 150-51 & 314.

A writ of mandamus is a drastic remedy available only in extraordinary circumstances. *See In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir. 2005). "A petitioner seeking the issuance of a writ of mandamus must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." *Madden v. Myers*, 102 F.3d 74, 79 (3d Cir. 1996), *superseded in part on other grounds by* 3d Cir. L.A.R. 24.1(c) (1997). Gumbs is not entitled to relief. Gumbs's claim as to the motion-to-dismiss fails because the District Court specifically denied that motion in an order entered on February 18, 2017. *See* ECF No. 186 at 11. As for the discovery motion, it appears that Gumbs filed the at-issue motion in the District Court in July 2019 and filed a substantially similar motion in October of the same year.

---

[1] Gumbs filed an identical mandamus petition in the District Court. *See* ECF No. 460.

*See* ECF Nos. 314 & 323.  During this time, Gumbs inundated the District Court with over 70 filings.  The District Court permitted the filings to accrue, *see In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982) (noting that the district court retains discretion over docket management matters), and, in an order entered on December 14, 2022, disposed of all 63 filings.  In that order, the District Court determined that Gumbs's October 2019 motion was moot.  *See* ECF No. 445.[2]  Under these circumstances, we cannot say that the District Court's failure to also specifically mention Gumbs's July 2019 motion was "tantamount to a failure to exercise jurisdiction."  *Madden*, 102 F.3d at 79.

For these reasons, we will deny the mandamus petition.

---

[2]  In that order, the District Court also provided Gumbs an opportunity to show cause as to why an injunction should not issue for future district court filings.